UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| PAULA MUSGROVE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:21-CV-295 |
| | ) | |
| KILOLO KIJAKAZI,[1] | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b), the Rules of this Court, and the consent of the parties [Doc. 19]. Now before the Court is Plaintiff's Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d) [Doc. 25], filed on April 25, 2022. Plaintiff requests that the Court enter an Order awarding $7,500.00 in attorney's fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1).

**I.  BACKGROUND**

Having exhausted her administrative remedies, Plaintiff filed a Complaint with this Court on August 13, 2021, seeking judicial review of the Commissioner's final decision under Section 405(g) of the Social Security Act [Doc. 1].

On February 11, 2022, Plaintiff filed a Motion for Judgment on the Pleadings and a Memorandum in Support [Docs. 20 & 20-1], and on March 28, 2022, the parties filed a Joint Motion to Remand to Social Security Administration Pursuant to Sentence Four of 42 U.S.C. § 405(g)

---

[1] Kilolo Kijakazi became the Acting Commissioner of the Social Security Administration ("the SSA") on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew Saul as the defendant in this suit. *See* 42 U.S.C. § 405(g).

[Doc. 22]. On March 28, 2022, the Court entered an Order of Remand [Doc. 23] and issued a Judgment [Doc. 24] denying as moot Plaintiff's Motion for Judgment on the Pleadings [Doc. 20], granting the Joint Motion to Remand [Doc. 22], and remanding the case pursuant to sentence four of 42 U.S.C. § 405(g) for additional proceedings, including further evaluation of the medical opinions, a new hearing, and a new decision from the ALJ.

On April 25, 2022, Plaintiff filed an Application for Award of Attorney Fees Pursuant to the Equal Access to Justice Act 28 U.S.C. § 2412(d), a declaration of Plaintiff's attorney, a declaration and assignment of attorney's fees by Plaintiff, supporting exhibits, and a memorandum in support [Doc. 25]. The Commissioner has not filed a response and the time for doing so has now passed; however, Plaintiff's motion indicates it is unopposed by the Commissioner.

## II. ANALYSIS

### A. Plaintiff is Eligible for Fees

In order to award fees under the EAJA, the Court must be satisfied that four conditions are met:

1. Plaintiff must be a prevailing party;

2. the Commissioner's position must be without substantial justification;

3. no special circumstances warranting denial of fees may exist; and

4. the application for attorney fees must be filed within 30 days of the final judgment in the action.

28 U.S.C. § 2412(d)(1); *see Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 158 (1990). As explained below, the Court finds that each of these conditions has been met.

### 1. The Plaintiff is the Prevailing Party

In this case, Plaintiff obtained a "sentence four" remand, which, for purposes of EAJA fees, renders her a "prevailing party." *Shalala v. Schaefer*, 509 U.S. 292, 302 (1993) (obtaining a sentence-four judgment reversing denial of benefits meets the "prevailing party" description). Therefore, the Court finds that the first condition for granting attorney's fees under the EAJA has been met.

2. **The Commissioner's Position was Without Substantial Justification**

To satisfy the "substantial justification" requirement, the Commissioner's position must be justified "both in fact and in law, to a degree that could satisfy a reasonable person." *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989). "The Government bears the burden of proving that a given position was substantially justified, and it discharges that burden by demonstrating that the position had a 'reasonable basis both in law and fact.'" *DeLong v. Comm'r Soc. Sec. Admin.*, 748 F.3d 723, 725–26 (6th Cir. 2014) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)) (other citations omitted). The Commissioner did not file a response to Plaintiff's motion, but the motion indicates it is unopposed. In addition, this matter was remanded based on the Commissioner's filing of a Joint Motion to Remand [Doc. 22]. Thus, the Court finds that the second condition for granting attorney's fees under the EAJA has been met.

3. **There are No Special Circumstances Affecting an Award of Attorney's Fees**

The Court is not aware of, and has not been cited to, any "special circumstances" that would otherwise make an award of attorney's fees unjust. Therefore, the Court finds that the third condition for granting attorney's fees under the EAJA has been met.

4. **The Plaintiff's Request for an Award of Fees is Timely**

In support of the motion for attorney's fees, Plaintiff's counsel submitted an affidavit which included an itemized statement detailing the work performed in this case on behalf of Plaintiff—which amounted to 50.0 attorney hours expended, at an initial applicable hourly rate of $220.00 [Doc. 25 p. 7], for a total of $11,000.00. However, Plaintiff's counsel further explains in his affidavit that the parties negotiated a total appropriate EAJA fee award in the amount of $7,500.00 [*Id.*]. The Court observes that the motion includes a proper application for fees and was filed within 30 days of the final judgment in this matter. Thus, the Court finds that the fourth condition for granting attorney's fees under the EAJA has been met.

B. **The Court Finds that the Fees Requested Are Reasonable**

Plaintiff's motion indicates the Commissioner does not oppose Plaintiff's request for attorney fees in the amount of $7,500.00. Plaintiff's counsel has submitted an itemized statement detailing the work performed in this case on behalf of Plaintiff, which amounted to 50.0 attorney hours expended. Using the parties' negotiated amount of $7,500.00, this would result in an applicable hourly rate of $150.00.

Under the EAJA, reasonable attorney fees "shall be based upon prevailing market rates for the kind and quality of the services furnished, . . . and (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A).

"In requesting an increase in the hourly-fee rate, [p]laintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). In order to prove an award in excess of $125.00 per hour, plaintiffs must "produce satisfactory evidence—in addition to the attorney's own affidavits—that

4

the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." *Id.* (quoting *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)).

To support his request for an increase in the hourly rate, Plaintiff's counsel submitted an affidavit wherein he states that he is a Partner with Konoski & Partners, P.C. [Doc. 25 p. 2]. Plaintiff's counsel states his regular non-contingent hourly rate varies between $350.00 and $450.00 depending on the matter, but in Social Security cases he agrees to represent clients on a contingent fee basis of 25% of past due benefits [*Id.*]. Plaintiff's counsel maintains that the appropriate hourly rate for this application would be based upon the present-day CPI-All Items Index for New York and New Jersey, where he maintains his practice [Doc. 25 pp. 3, 14], and that he estimated an applicable hourly rate of $220.00 per hour. [*Id.*]. He further explains, however, that the parties negotiated a lower award of attorney's fees in the amount of $7,500.00, resulting in an applicable hourly rate of $150.00. The Court has considered the $7,500.00 requested, and combined with the Commissioner's lack of opposition, the Court finds that the fee amount of $7,500.00 is reasonable. *See Cook v. Barnhart*, 246 F. Supp. 2d 908, 910 (E.D. Tenn. 2003) (setting forth the cost-of-living formula to calculate the appropriate hourly rate).

### III. CONCLUSION

Based upon the foregoing, the Court finds that Plaintiff's Application for Attorney Fees Pursuant to 28 U.S.C. § 2412(d)(1) **[Doc. 25]** is well-taken, and the same is **GRANTED**. The Court **ORDERS** an award of EAJA fees in the amount of **$7,500.00** to be paid to Plaintiff under the EAJA, 28 U.S.C. § 2412(d). In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), the EAJA fee is payable to Plaintiff as the litigant and may be subject to offset a pre-existing debt that the litigant

owes to the United States. If Plaintiff owes no debt to the United States, the payment of EAJA fees can be made directly to Plaintiff's counsel per the assignment.

**IT IS SO ORDERED**.

ENTER:

Debra C. Poplin
United States Magistrate Judge